No. 29,929.

ATTREE SMITH, Executor of the Last Will and Testament of Nellie M. Robinson, Deceased, *Appellee,* v. HARRY E. JUDGE and MYRA HARVEY, *Appellants,* et al.

(2 P. [2d] 79.)

Opinion denying a rehearing filed July 3, 1931. (For original opinion of reversal see *ante,* p. 112, 298 Pac. 651.)

*R. L. Hamilton,* of Beloit, for the appellants.

*Z. C. Millikin,* of Salina, and *William N. Tice,* of Beloit, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: A petition for a rehearing and also a motion to clarify the opinion have been filed by the appellee. The appellants have filed answers to both petition and motion, and these papers show such a divergence of views as to the application of the rulings to the property of both estates, and the distribution thereof, that it seems advisable to restate more specifically and definitely what was intended and thought to have been fully covered in the opinion rendered May 9, 1931, and reported in 133 Kan. 112.

The main controversy in the case was with reference to the right and power of Mrs. Robinson to make gifts to charitable and religious purposes by her will from the estate of her brother, Mr. Sutton. In the opinion this court approved the finding of the trial court as to the extent and amount of property in her estate traceable to the Sutton estate as being $15,300 and a one-half interest in a residence property in the city of Beloit. It was held that Mrs. Rob-

inson did not have power and authority under the will of her brother to make gifts to charitable or religious purposes by her will of any of her brother's property. It was further held that the specific legacies given her niece and nephew of $10,000 and $3,000 respectively in her will could properly be considered as a designation of proportionate shares of ten to three to the extent of $13,000 in the Sutton estate.

The will gave $10,000 to charitable and religious purposes, $1,000 of which was in telephone stock found to belong to her; $1,500 of the remaining $9,000 so bequeathed to charitable and. religious purposes had been paid before her death. She also bequeathed to other relatives besides the niece and nephew the total sum of $5,000, making in all, aside from the telephone stock and the $13,000 to the niece and nephew, a total of $15,000.

Her own estate was found by the trial court to be the same in amount as that of her brother, $15,300, plus a half interest in the residence and the telephone stock and a few other contingent items. So when she attempted to give to the niece and nephew $13,000 and $15,000 to charitable and religious purposes she was planning to thus dispose of both the property belonging to herself and that which was traceable to her brother's estate.

It was said in the opinion:

"It was the evident intention of Mrs. Robinson in making her will to regard the property she had received from her brother as her own, and except for the bequests to her niece and nephew, appellants herein, she apparently undertook to dispose of the property received from her brother's estate just as she did with her own property. To the niece and nephew named in the Sutton will she gave $10,000 and $3,000 respectively, and. also made them and four other relatives residuary legatees. The bequests contained in her will amounted to considerably more than her own property separate and apart from that traceable to the Sutton estate." (p. 114.)

It is now contended by the appellants, since it has been held that Mrs. Robinson had no right to dispose of the Sutton property by her will, that the $13,000, bequests to the niece and nephew, must be considered as intended for them out of her own estate, notwithstanding the $10,000 and $3,000 items have been held by this court to be a designation of the proportionate shares of the niece and nephew in the Sutton estate to the extent of $13,000. To this we cannot agree. No doubt she thought she was by those bequests giving them part of her own money and part of her brothers', just the same as she evidently intended in making the gifts to charitable and religious

purposes. But her intentions have been overturned by the ruling of this court as to the religious and charitable gifts, and likewise a construction has been placed by this court on the bequests to the niece and nephew as being necessarily limited to the Sutton property and not an additional bequest out of Mrs. Robinson's estate. These bequests cannot properly serve two purposes at one and the same time, and our holding that the purpose is a proportionate designation out of the Sutton estate absolutely prevents the additional purpose. This does not affect nor in any way interfere with the niece and nephew being residuary legatees with the four others so designated.

The executor is authorized to proceed with the disposition and distribution of the property of both estates in accordance with the views herein expressed.

The petition for rehearing is denied.